# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DENNIS LARAMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2283 RLW |
| ) | |
| ZACH JACOBSEN, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to consolidate this case with another case in this Court. After reviewing the judicial record in this case and in the secondary case cited by plaintiff, the Court will deny plaintiff's request without prejudice to a ruling by the Honorable John A. Ross.

### Background

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), filed the instant action on August 21, 2017, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at the Washington County Jail. He filed this action against four individual defendants: Zach Jacobsen (Sheriff of Washington County); Steven Rion (Chief of Custody at Washington County Jail); Cody Brinley (Washington County Commissioner); and Kevin Snow (Deputy, Washington County Jail).

Plaintiff's claims in his complaint consisted of both conditions of confinement claims and denial of medical care claims. He claimed, for instance, that defendants', as a whole, had been deliberately indifferent to his medical needs during his stay at the Jail, and that he suffered from asthma, a heart condition, and a broken tooth. He claimed that none of these needs had been

"seen to" since his confinement at the Jail. Plaintiff also went on to assert that he once fell while getting out of the shower and he was not taken for x-rays or to the hospital, despite losing eyesight in one eye and seriously injuring his back and neck and head.

Plaintiff also complained that there was black mold in the showers at the Jail, and that the floor was slick in the showers, there was no handicap accessibility at the Jail, there were problems with the "locking mechanisms" and the Jail was overcrowded.

After reviewing plaintiff's complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim upon which relief may be granted on January 22, 2018, the Court told plaintiff that although he may be able to assert claims based on his denial of constitutional rights, he had improperly joined one or more claims in his lawsuit, pursuant to Federal Rules of Civil Procedure 18 and 20. The Court then instructed plaintiff how to properly separate his claims and instructed plaintiff to file an amended complaint in this action.[1] Plaintiff then sought an extension of time to file his amended complaint, and the Court granted his request on March 5, 2018.

**Discussion**

In the instant motion, plaintiff states that "money is tight," and he is having a hard time "keeping up with the case." He asks this Court to grant him leave to consolidate this case into another case he has in this District, *Laramore v. Washington County Jail*, No. 4:17-CV-1618 JAR (E.D.Mo.). This Court has reviewed plaintiff's amended complaint [Doc. #6] in that action, and found that his claims relate to a denial of heart medication for a thirty (30) day time period, as well as a "denial of all medication" during a sixty (60) day time period during his incarceration at the Washington County Jail, by defendants Christopher Barton, Shannon

---

[1] The Court also provided plaintiff with copies of additional complaint forms in order for plaintiff to file any additional civil actions if he chose to do so.

2

Thompson and Kevin Snow.[2] Plaintiff's secondary claims in that action also arise under the Eighth Amendment and relate to conditions of confinement, specifically an overcrowding claim and a claim of a general lack of cleanliness in the cells at the Washington County Jail. Thus, although the claims and the parties between the two lawsuits are somewhat similar, they cannot yet be said to be duplicative, such that this action is subject to dismissal. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

A Case Management Order was entered in Judge Ross' case on September 25, 2017, and it allowed for joinder of parties and amendment of pleadings no later than October 25, 2017. As plaintiff's deadline to amend his pleadings in Judge Ross' case has passed, it is up to Judge Ross whether he wishes to allow for consolidation of this case into his case, pursuant to Local Rule 4.03.

Until such time as Judge Ross makes a determination as to consolidation, this Court will deny plaintiff's consolidation request in this lawsuit and provide plaintiff with one last extension of time to amend his complaint in this action. This will be the last extension provided to plaintiff, without good cause shown.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for consolidation of this action with *Laramore v. Washington County Jail*, No. 4:17-CV-1618 JAR (E.D.Mo.) [Doc. #14] is **DENIED WITHOUT PREJUDICE**, pending a ruling by the Honorable John A. Ross in that action.

**IT IS FURTHER ORDERED** that no later than twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall pay an initial partial filing fee of $32.45 to the United

---

[2] *See* Memorandum and Order conducting review pursuant to 28 U.S.C. § 1915, entered by the Honorable John A. Ross on August 9, 2017, issuing process on defendants Kevin Snow, Shannon Thompson and Christopher Barton in their individual capacities for medical mistreatment and unconstitutional conditions of confinement.

3

States District Court for the Eastern District of Missouri Clerk's office. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the Federal Rules of Civil Procedure and the instructions set forth in the Court's January 22, 2018 Memorandum and Order, no later than twenty-one (21) days from the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two (2) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff a copy of the January 22, 2018 Memorandum and Order.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice.**

Dated this 22nd day of March, 2018.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE