# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DENNIS LARAMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-01618 JAR |
| | ) |
| SHANNON THOMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's pro se motion to consolidate this case with *Laramore v. Jacobsen, et al.*, No. 4:17-CV-02283 RLW, ("Jacobsen"), currently pending before the Honorable Ronnie L. White. (Doc. No. 44) Plaintiff states he is "having a hard time keeping up [Jacobsen], money is tight, [his] access to the law library is six hours a week and [his] health issues keep [him] in medical quite often." As a result, he is asking the Court to "incorporate No. 4:17-CV-2283 RLW with case 4:17-CV-01618 JAR." Defendants oppose the motion. (Doc. No. 45)

Under Federal Rule of Civil Procedure 42(a), this Court may consolidate separate actions when those "actions involv[e] a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion in ruling on a motion to consolidate. Environmental Protection Agency v. City of Green Forest, Arkansas, 921 F.2d 1394, 1402 (8th Cir. 1990). As the party moving for consolidation, Plaintiff bears the burden "to establish that consolidation would promote trial convenience and economy in administration." S.E.C. v. Gerhardt, No. 4:07CV270 JCH, 2007 WL 3144990, at *3 (E.D. Mo. Oct. 24, 2007) (internal quotation omitted).

In the instant case, Plaintiff alleges claims against Shannon Thompson (Captain, Washington County Sheriff), Kevin Snow (Deputy, Washington County Jail), and Detective Christopher Barton, in their individual and official capacities, for denial of medical treatment and unconstitutional conditions of confinement at the Washington County Jail. Specifically, Plaintiff alleges a denial of heart medication for a thirty (30) day period and a "denial of all medication" during a sixty (60) day time period during his incarceration at the Washington County Jail. Plaintiff also alleges overcrowding and a general lack of cleanliness in the Jail cells. (First Amended Complaint, Doc. No. 6)

In Jacobsen, Plaintiff alleges claims against Zach Jacobsen (Sheriff, Washington County Jail), Steven L. Rion (Chief of Custody at the Washington County Jail), Kevin Snow (Deputy, Washington County Jail), and Cody Brinley (Washington County Commissioner), in their individual and official capacities, for deliberate indifference to his medical needs while detained at the Jail and unconstitutional conditions of confinement. In particular, Plaintiff claims he suffered from asthma, a heart condition, and a broken tooth and that none of these needs had been addressed since his confinement at the Jail. He also alleges he fell in the shower and was not taken for x-rays or to the hospital, despite losing sight in one eye and seriously injuring his back, neck and head. Plaintiff complains of black mold and slick floors in the showers at the Jail, a lack of handicap accessibility, problems with the "locking mechanisms," and overcrowding.

Although the claims asserted are somewhat similar, they cannot yet be said to be duplicative. Further, the fact that a common question of law or fact exists does not alone justify consolidation in the absence of other factors which would promote trial convenience and economy in administration. See Equal Employment Opportunity Commission v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998) ("Consolidation is inappropriate … if it leads to inefficiency,

inconvenience, or unfair prejudice to a party."). Here, the Court finds that consolidation would undermine rather than promote judicial efficiency because the cases involve different parties (with the exception of Defendant Kevin Snow) and different claims. Moreover, the cases are at different procedural stages. A Case Management Order was entered in this case on September 25, 2017. The deadline for joining parties and amending pleadings – October 25, 2017 – has passed, and discovery is underway. By contrast, in <u>Jacobsen</u>, Plaintiff has been granted until April 12, 2018 to amend his complaint and pay the initial partial filing fee. No scheduling order has been issued. Because Plaintiff has failed to demonstrate that consolidation is appropriate, the Court will deny Plaintiff's request for consolidation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's pro se motion to consolidate cases [44] is **DENIED.**

Dated this 28th day of March, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**