UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DENNIS LARAMORE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-CV-2283 RLW |
|  | ) |  |
| ZACH JACOBSEN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint. Having reviewed plaintiff's amended complaint, as well as plaintiff's ongoing action in *Laramore v. Washington County Jail*, 4:17-CV-1618 JAR (E.D.Mo.), the Court will partially dismiss plaintiff's amended complaint and issue process on the non-frivolous portions of plaintiff's amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff is currently an inmate at the Southeast Correctional Center ("SECC"). He brings this action pursuant to 42 U.S.C. § 1983 against Zach Jacobsen (Sheriff, Washington County Jail), Steven L. Rion (Chief of Custody at the Jail), Cody Brinley (Washington County Commissioner), Brandon Thomilison (Deputy Sheriff, Washington County), Patti Allen (Nurse, Washington County) and Kevin Snow (Deputy Sheriff, Washington County). He sues all defendants in their individual and official capacities.

Plaintiff asserts that on April 25, 2017, he was placed in the Washington County Jail after he was convicted of a criminal act. Plaintiff states that at the time he was placed in the Jail, he advised Sheriff Jacobsen and Chief of Custody Rion that he suffered from chronic COPD, asthma, histoplasmosis, and a heart condition. Plaintiff claims that he told defendants that he

2

needed medication for his illnesses, "but he was not given an answer" by the two men or medication, even after filing grievances against them. Plaintiff has not provided the Court with a time period surrounding his complaint, although this appears to be the subject of the lawsuit against defendants Christopher Barton, Shannon Thompson and Kevin Snow in *Laramore v. Washington County Jail*, 4:17-CV-1618 JAR (E.D.Mo.).

Plaintiff asserts that Sheriff Jacobsen, Shannon Thompson[1] and Steven Rion "were all aware of plaintiff's medical conditions but ordered plaintiff be held in C Tank, no ventilation, two people with Staph [infection], up to 14 men in a 4 man cell, no towels, no soap, cleaning supplies every two weeks, no handicapped access to showers, numerous offenders slipped and fell in the showers, including plaintiff." Plaintiff states that he complained about these issues, as well as "black mold problems," on various occasions to Jacobsen, Rion, Thompson, Brinley, Snow and Thomilison, but to no avail. Plaintiff claims he was told that it was a broken down state facility that needed to be replaced.

Plaintiff states that he advised Jacobsen, Thompson, Rion and Snow that he hurt his back on an unnamed date, and they told him to "deal with it."[2] Plaintiff asserts he did not see a doctor from the time he was admitted in April of 2017, until finally in August of 2017. He states that at some point date unknown, he began complaining to defendant Thomilison about pain from

---

[1] Shannon Thompson has not been named as a defendant in this action. However, she is a named defendant in *Laramore v. Washington County Jail,* 4:17-CV-1618 JAR (E.D.Mo.). In an abundance of caution, the Court will include Ms. Thompson as a defendant in this action.

[2] Plaintiff has attached a grievance filed on June 11, 2017, to his amended complaint that was filed by plaintiff. In the grievance, plaintiff states that after a fall in the shower he has continued to have severe back pain, numbness on the left side, chest pain, blurred vision on the left side and tooth pain due to "teeth being broken off below the gum line." In the grievance, plaintiff seeks the ability to see the doctor. The grievance was made out to Sheriff Jacobsen, Brandon Thomilison and Nurse Patti Allen.

3

broken teeth, and he was told that the Sheriff's Department did not schedule dentist or specialists' appointments for the inmates.

Last, plaintiff states that he believes that the offenders who had untreated hepatitis C and Staph infections should have been separated from the general population by Nurse Patti. Plaintiff does not state that he was infected with either disease or that he was placed in a position to become infected. Thus, plaintiff has not alleged a violation of his constitutional right.

Plaintiff seeks monetary damages.

## Discussion

Plaintiff's allegations relating to the conditions of confinement at the Washington County Jail during the relevant time period mentioned in his amended complaint are being litigated in *Laramore v. Washington County Jail,* 4:17-CV-1618 JAR (E.D.Mo.). Additionally, plaintiff's claims relating to defendants failure to provide him with his medications for his chronic healthcare problems during his first several months at the Washington County Jail are also being litigated in that same lawsuit. Thus, the Court will dismiss those allegations from the present action. *E.g., Cooper v. Delo,* 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

This Court, however, will issue process on plaintiff's individual capacity claims against defendants Zach Jacobsen, Brandon Thomilison and Patti Allen for denial of medical care for his teeth that were allegedly broken in a fall and for which he asked for medical care and did not receive assistance.

The Court will also issue process on plaintiff's individual capacity claims against defendants Zach Jacobsen, Brandon Thomilison and Patti Allen for denial of medical care for

4

issues relating to the fall plaintiff experienced in the shower, purportedly causing back, neck and chest pain prior to June 2017.

Plaintiff's official capacity claims against these defendants will be dismissed, as he has not alleged that a custom or policy was responsible for the alleged violations of his constitutional rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Zach Jacobsen, Brandon Thomilison and Patti Allen in their individual capacities with respect to his deliberate indifference to medical care claims relating to his broken teeth, as well as his back, neck and chest pain relating to a fall he suffered prior to June of 2017. Defendants shall be served with summons at the Washington County Sheriff's Office, 116 West High Street, Potosi, Missouri, 63664.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Zach Jacobsen, Brandon Thomilison and Patti Allen shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's claims against Zach Jacobsen, Brandon Thomilison and Patti Allen in their official capacities are subject to dismissal as these claims fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Shannon Thompson, Steven Rion, Cody Brinley and Kevin Snow because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's conditions of confinement claims in this matter are dismissed as duplicative of the conditions of confinement claims in *Laramore v. Washington County Jail,* 4:17-CV-1618 JAR (E.D.Mo.).

**IT IS FURTHER ORDERED** that plaintiff's failure to provide chronic care medicine claims are dismissed as duplicative of the claims contained in *Laramore v. Washington County Jail,* 4:17-CV-1618 JAR (E.D.Mo.).

**IT IS FURTHER ORDERED** that plaintiff's claims that Nurse Patti Allen failed to separate inmates with chronic care infections from other inmates in general population fails to state a claim upon which relief may be granted and is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 16th day of April, 2018.

　　　　　　　　　　　　　　　　*Ronnie L. White*
　　　　　　　　　　　　　　　　RONNIE L. WHITE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE