**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DENNIE LARAMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2283 RLW |
| ZACH JACOBSEN, et al., | ) ) ) |
| Defendants. | ) ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion to dismiss or for more definite statement filed by defendant Patti Allen. Plaintiff has responded to the motion, and defendant Allen has filed a reply. For the reasons discussed below, the motion will be denied.

### **Background and Procedural History**

At all times relevant to the instant case, plaintiff Dennis Laramore was a pretrial detainee at Washington County Jail. The instant motion to dismiss is directed towards plaintiff's amended complaint, which plaintiff filed on April 5, 2018 [Doc. #17], and this Court reviewed pursuant to 28 U.S.C § 1915 on April 16, 2018. [Doc. #22]

Plaintiff is currently an inmate at the Southeast Correctional Center ("SECC"). He brings this action pursuant to 42 U.S.C. § 1983 against Zach Jacobsen (Sheriff, Washington County Jail), Brandon Thomilison (Deputy Sheriff, Washington County), Patti Allen (Nurse, Washington County). He sues all defendants in their individual capacities.

Plaintiff asserts that on April 25, 2017, he was placed in the Washington County Jail after he was convicted of a criminal act. Plaintiff states that at the time he was placed in the Jail, he personally advised Sheriff Jacobsen and Chief of Custody Steven Rion that he suffered from

chronic COPD, asthma, histoplasmosis, and a heart condition. Plaintiff claims that he told defendants that he needed medication for his illnesses, "but he was not given an answer" by the two men or medication, even after filing grievances against them. Plaintiff has not provided the Court with a time period surrounding his complaint, although this appears to be the subject of the lawsuit against defendants Christopher Barton, Shannon Thompson and Kevin Snow in *Laramore v. Washington County Jail*, 4:17-CV-1618 JAR (E.D.Mo.).

Plaintiff asserts that Sheriff Jacobsen, Shannon Thompson and Steven Rion "were all aware of plaintiff's medical conditions but ordered plaintiff be held in C Tank, no ventilation, two people with Staph [infection], up to 14 men in a 4 man cell, no towels, no soap, cleaning supplies every two weeks, no handicapped access to showers, numerous offenders slipped and fell in the showers, including plaintiff." Plaintiff states that he complained about these issues, as well as "black mold problems," on various occasions to Jacobsen, Rion, Thompson, Brinley, Snow and Thomilison, but to no avail. Plaintiff claims he was told that it was a broken down state facility that needed to be replaced.[1]

Plaintiff states that he advised Jacobsen, Thompson, Rion and Snow that he hurt his back on an unnamed date, and they told him to "deal with it." **Plaintiff asserts he did not see a doctor from the time he was admitted in April of 2017, until finally in August of 2017.** (emphasis added) He states that at some point date unknown, he began complaining to defendant Thomilison about pain from broken teeth, and he was told that the Sheriff's Department did not

---

[1] Plaintiff's allegations relating to the conditions of confinement at the Washington County Jail during the relevant time period mentioned in his amended complaint are being litigated in *Laramore v. Washington County Jail*, 4:17-CV-1618 JAR (E.D.Mo.). Additionally, plaintiff's claims relating to defendants' failure to provide him with his medications for his chronic healthcare problems during his first several months at the Washington County Jail are also being litigated in that same lawsuit. Thus, the Court dismissed these allegations from the present action as duplicative on April 16. 2018. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

schedule dentist or specialists' appointments for the inmates. He further claims that he filed several grievances relating to both the failure to allow him to see the doctor during the four month time frame, as well as his pain from his teeth and from his back. Plaintiff has produced these grievances and attached them to his amended complaint, as well as a supplemental complaint. As noted in the Court's April 16, 2018 Memorandum and Order, the grievances are a part of the amended complaint, pursuant to Federal Rule of Civil Procedure 10(c).

On an inmate grievance form dated May 10, 2017, plaintiff states that he had previously been under the care of Dr. Pearson for COPD, asthma, a heart condition and histoplasmosis. He claims that he has been at Washington County Jail since April 25, 2017 and had not yet received his medication, not even his inhaler. The grievance was made out to Sheriff Jacobsen, "the Captain, the Deputy in Charge of Meds" and the Nurse at the Jail, Patti Allen.

On another inmate grievance dated June 1, 2017, plaintiff asserts that he was writing a grievance with regard to "his medication and the fact that [he] slipped and fell in the shower." Plaintiff once again asserts that he has been at the Jail since April 25, 2017 and he has not received his medication. He claims that he is suffering "severe back pain, numbness on left side, chest pain, blurred vision on left side and teeth broken off below gum line." Plaintiff then states that he will pay to see a doctor. The grievance is made out to Sheriff Jacobson, "the Captain," Brandon Thomilison and Nurse Patti Allen.

On June 20, 2017, plaintiff files a grievance for the third time relative to his lack of medical care at the Washington County Jail. Plaintiff states that there are conditions of confinement issues with placing chains and padlocks on cell doors, and he believes that the offenders who had untreated hepatitis C and Staph infections should have been separated from the general population by Nurse Patti. However, plaintiff does not state that he was infected with

3

either disease or that he was placed in a position to become infected. Thus, plaintiff did not allege a violation of his constitutional right at that time.

On July 7, 2017, plaintiff once again filed a grievance relative to his lack of medical care. In his grievance, plaintiff claims that he had not received follow-up tests for his asthma and COPD previously ordered by a Dr. Tindall in May of 2017, and he had not received an air purifier that he had offered to pay for in order to deal with the "black mold, dust and abrasives" in the environment he was being housed in. Plaintiff also claimed that he had not yet received treatment for his tooth issues, including broken and abscessed teeth, as well as his left side numbness and loss of vision, presumably from his fall in the shower.

On July 20, 2017, plaintiff filed a fifth grievance stating that Washington County Jail had transferred plaintiff to the hospital for elevated blood pressure at the beginning of July 2017. Plaintiff had seen a Dr. Tindall who had recommended plaintiff see a cardiac specialist for a stress test and a "balloon test." Plaintiff asserts that he was told by a Deputy Snow that the Sheriff's Department does not do that. Since that time, plaintiff complains that he has been without his heart meds, an antibiotic and a low dose aspirin. Plaintiff claims that he was told the heart medication was "misplaced." Additionally, plaintiff claims that he still had not received treatment for his tooth, and he had not slept in three days due to pain.

After reviewing plaintiff's amended complaint and the corresponding lawsuit in this Court, the Court dismissed plaintiff's official capacity claims against the defendants. As noted above, the Court also dismissed, as duplicative, plaintiff's claims relating to defendants' failure to provide him with his medications for his chronic healthcare problems during his first several months at the Washington County Jail. The Court also dismissed plaintiff's conditions of

4

confinement claims as duplicative of those claims currently being litigated in *Laramore v. Washington County Jail,* 4:17-CV-1618 JAR (E.D.Mo.).

However, the Court issued process on plaintiff's individual capacity claims against defendants Zach Jacobsen, Brandon Thomilison and Patti Allen for denial of medical care for his teeth that were allegedly broken in a fall and for which he asked for medical care and did not receive assistance.

The Court also issued process on plaintiff's individual capacity claims against defendants Zach Jacobsen, Brandon Thomilison and Patti Allen for denial of medical care for issues relating to the fall plaintiff experienced in the shower, purportedly causing back, neck and chest pain prior to June 2017. All of these medical issues, relating to the broken teeth and back, neck and chest pain, were described in grievances made out to each of the defendants.

On May 16, 2018, defendants Zach Jacobsen and Brandon Thomilison filed their answer to plaintiff's amended complaint. However, on May 14, 2018, defendant Patti Allen filed a motion to dismiss or for more definite statement. Defendant Allen asserts that "there are no remaining allegations specifically against" defendant Allen. Defendant Allen believes that the denial of medical care claims regarding plaintiff's teeth and back relate only to defendants Jacobsen and Thomilison. Therefore, defendant Allen believes she is entitled to dismissal of plaintiff's amended complaint.

## Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,*

5

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly,* 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.,* 244 F.3d 623, 627 (8th Cir. 2001).

## Discussion

In the instant motion to dismiss, defendant Allen argues that she should be dismissed from this action because the legal claims in the amended complaint do not specifically enumerate denial of medical care claims against her relating to plaintiff's back/neck and tooth pain. While not a model of clarity, the amended complaint and plaintiff's supplemental grievances, considered as a whole and liberally construed, adequately alleges that Patti Allen was a nurse at the Washington County Jail who was deliberately indifferent to plaintiff's serious medical needs relating to plaintiff's teeth and back/neck pain.

As set forth above, on plaintiff's grievance filed on June 1, 2017, plaintiff asserts that he [he] slipped and fell in the shower" and that he is suffering "severe back pain, numbness on left side, chest pain, blurred vision on left side and teeth broken off below gum line." Plaintiff then states that he will pay to see a doctor. The grievance is made out to Sheriff Jacobson, "the Captain," Brandon Thomilison and Nurse Patti Allen.

On July 7, 2017, plaintiff plainly states in his grievance that he is still suffering from tooth issues, including broken and abscessed teeth, as well as his left side numbness and loss of vision from the fall in the shower. Later, on July 20, 2018, plaintiff states further, that he still had not received treatment for his tooth, and he had not slept in three days due to the tooth pain.

The Court takes judicial notice of Patti Allen's affidavit in *Laramore v. Washington County Jail,* 4:17-CV-1618 JAR (E.D.Mo.), filed in support of defendants' summary judgment motion. In her affidavit, Allen states that she was a licensed family nurse practitioner, authorized to prescribe prescription medications, and as part of her employment at Washington County Memorial Hospital, she was assigned to work at Washington County Jail.

Ms. Allen further stated in her affidavit that in 2017, she had prescribed some medical treatment to Dennis Laramore, the plaintiff in this action, who she understood to have claimed to have COPD, asthma, high blood pressure, histoplasmosis, leg pain, chest pain, angina, allergies and an unspecified "heart condition." Ms. Allen admitted in her affidavit that she had plaintiff sign a medical records authorization to permit her to receive his prior medical records, and she also prescribed him a bronchodilator, a nebulizer, an antihistamine, gabapentin, viscous lidocaine for tooth pain, and made him a dental appointment at some point to "treat [his] dental caries...[2]

---

[2] There is also evidence in the record, as appended to the summary judgment motion, that Ms. Allen prescribed the antibiotic amoxicillin, although the Court is uncertain as to what the antibiotic was prescribed for.

Nevertheless, Ms. Allen states that plaintiff was transferred out of Washington County Jail before he could be seen by a dentist.

Perhaps when considered in isolation, the statements to which defendant refers or the omission of an enumerated claim in the "legal claims" section of the amended complaint would fail to allege a sufficient factual basis for plaintiff's claims. However, in considering the instant motion, this Court does not consider each statement—or the omission of a statement—in isolation. Instead, this Court must read the amended complaint as a whole. *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted) (when considering a motion to dismiss, the plaintiff's complaint must be read as a whole, rather than "parsed piece by piece to determine whether each allegation, in isolation, is plausible.").

In light of plaintiff's allegations in his complaint stating that he included Ms. Allen in his grievances relative to his tooth issues, as well as his back, neck and leg pain, as well as her own affidavit indicating that she was aware of his teeth issues, as well as the nerve pain in his legs as evidenced by the prescription for gabapentin, the Court will deny Ms. Allen's motion to dismiss and for more definite statement. Defendant's arguments are not well taken.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Allen's motion to dismiss [Doc. #28] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Patti Allen shall answer the amended complaint no later than thirty (30) days from the date of this Memorandum and Order.

Dated this 18th day of December, 2018.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE