UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS LARAMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 4:17-cv-2283-SEP |
| ZACH JACOBSEN, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Patricia Allen's Motion for Summary Judgment (Doc. [59]) and Defendants Zach Jacobsen and Brandon Thomlinson's Motion for Summary Judgment (Doc. [63]).[1] For the reasons set forth below, both motions will be granted.

**Facts and Background**

Plaintiff's Amended Complaint (Doc. [17]) lists several allegations against Defendants that were duplicative of claims in *Laramore v. Washington Cnty. Jail*, 4:17-cv-1618-JAR, 2019 WL 4419008 (E.D. Mo. Sept. 16, 2019) (*Laramore I*), including all conditions of confinement claims and all failure to provide medication for chronic healthcare problem claims. These claims were thus dismissed from the present action. Doc. [22]. The only claims remaining before this Court are those arising from Plaintiff's alleged fall in the shower while incarcerated at the Washington County Jail. Doc. [22] at 5. The Court has already discussed the facts of this case at some length in its Memorandum and Order denying Defendant Allen's Motion to Dismiss. Doc. [42]. In the interest of judicial economy, the Court will recite now only those facts relevant to the pending motions. Because this matter is before the Court on Defendants' motions for summary judgment, these facts are construed in Plaintiff's favor. *See Dryer v. Nat'l Football League*, 814 F.3d 938, 941-42 (8th Cir. 2016).

---

[1] Collectively, "Defendants." Defendants Jacobsen and Thomlinson will be referred to collectively as the "Washington County Defendants."

1

Defendants in this case include Patricia Allen, a nurse practitioner assigned to the Washington County Jail;[2] Zach Jacobsen, the Washington County Sherriff; and Brandon Thomlinson, a Washington County Deputy at the time of Plaintiff's incarceration. Allen is a licensed family nurse practitioner and is authorized to prescribe medications, including controlled substances. Doc. [60] ¶ 25.

As an initial matter, the Court will address some procedural issues regarding precisely what facts are before the Court for purposes of the instant Motions for Summary Judgment. In support of their motions for summary judgment, Defendants submitted Statements of Uncontroverted Material Facts ("SOF"). Docs. [60] and [65]. Plaintiff filed only one response to those SOFs, which he intended—and titled—as a response to both. Doc. [77]. But in that Response, Plaintiff directly addressed only the Washington County Defendants' SOF,[3] and even there, he failed properly to controvert most of the facts. Federal Rule of Civil Procedure 56(c)(1) provides in pertinent part that:

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials.

When a non-movant fails properly to controvert a movant's statement of material fact, such statement "will be deemed admitted for the purposes of the motion." Fed. R. Civ. P. 56(c)(1). Likewise, under the Local Rules of the United States District Court for the Eastern District of Missouri, all matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. *See* E.D.Mo. L.R. 4.01(E).

The Court is mindful that Plaintiff does not have an attorney. Notwithstanding his pro se status, however, Plaintiff must still follow the Federal Rules of Civil Procedure and of this Court. *See Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir.

---

[2] Washington County Memorial Hospital and the Washington County Jail have an agreement ("Agreement") that authorized Defendant Allen to practice in the Jail. The Agreement does not cover dental or vision care; those services are referred out to physicians. Doc. [60-14] at 3, 5.

[3] Defendant Allen's SOF contains 101 separate numbered paragraphs, and Washington County Defendants' contains 67 numbered paragraphs. Plaintiff's Response contains 67 numbered paragraphs, each responding to the corresponding paragraph in the Washington County Defendants' SOF. Doc. [77].

2002) ("All civil litigants are required to follow applicable procedural rules."); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) ("A pro se litigant is bound by the litigation rules as is a lawyer . . . ."); *Silberstein v. Internal Revenue Serv.*, 16 F.3d 585, 860 (8th Cir. 1994) ("[L]ocal rules . . . are binding on the parties."). Because many facts in Defendant Allen's SOF (Doc. [60]) are also included in the Washington County Defendants' SOF (Doc. [65]), the Court will construe a response to any such fact to be a response to both SOFs. But any facts in either SOF that are uncontroverted by Plaintiff are deemed admitted by Plaintiff. *See Jones v. United Parcel Serv., Inc.*, 461 F.3d 982, 991 (8th Cir. 2006) (finding that the district court properly deemed facts admitted that were not properly controverted); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

Turning to the facts, on April 25, 2017, Plaintiff was incarcerated in the Washington County Jail ("Jail"), where he remained for all events and occurrences alleged in his Amended Complaint. Doc. [17] at 4. Plaintiff claims that on June 1, 2017, he fell in the shower. Plaintiff filed numerous grievances related to his fall. On June 1, 2017, he filed a grievance claiming that he slipped and fell in the shower and had "severe back pain, numbness on [his] left side, chest pain, blurred vision" and that his "teeth [were] broken off below [the] gum line." Doc. [17-1] at 2. In the grievance, Plaintiff asked to see a doctor. *Id.* Defendants Jacobsen, Thomlinson, and Allen were all named in the grievance as "CC's". *Id.* On July 7, 2017, Plaintiff filed another grievance stating that he was still suffering from tooth issues, including a broken and abscessed tooth, as well as numbness on his left side and loss of vision. Doc. [19] at 2. On July 20, 2017, he reported in another grievance that he had not slept in three days due to tooth pain. Doc. [17-1] at 7. On August 12 and 21, 2017, after Allen had referred Plaintiff to a dentist, he filed two more grievances requesting a dentist appointment, complaining of loss of vision, and discussing other medical issues. Doc. [5] at 9; Doc. [6].

In addition to grievances, Plaintiff also submitted multiple Inmate Health Services Request ("IHSR") forms regarding injuries sustained in the fall. His first was on June 5, 2017, requesting a sick call because his "tooth fell out below gum line." Doc. [65-7]. On June 6, 2017, Allen performed a physical examination of Plaintiff, including looking in his mouth, checking his skin color, listening to his heart and lungs, and checking his legs for swelling. Doc. [65-5]

3

¶ 19. Allen is a nurse practitioner who is authorized to prescribe medication, but she is not a licensed physician or dentist and cannot extract teeth. Doc. [60] ¶¶ 25-26. Under the Agreement, she is not responsible for dental or vision care. Doc. [60-14] at 3, 5.

Plaintiff has known and "gotten along" with Allen his whole life, and Plaintiff testified that he had no reason to believe Allen would try to intentionally harm him. Doc. [60] ¶¶ 35-41. After the examination, Allen diagnosed Plaintiff as having dental cavities and prescribed viscous lidocaine, which is a local anesthesia used to numb the mouth and throat. Doc. [60] ¶¶ 55-57. The viscous lidocaine "relieved the pain temporarily" and "made it bearable," Doc. [60-11] at 13; *see also* Doc. [60] ¶ 61, but Plaintiff claims he did not receive the medication until "weeks" after it was prescribed. The exact amount of time is unknown,[4] but Allen did not have any control over the actual filling of prescriptions. Doc. [60] ¶ 62. Plaintiff submitted a second IHSR on June 5, 2017. Neither of his first two IHSRs mentioned any back, leg, or chest pain or any vision problems. Plaintiff testified in his deposition that it is possible he made no complaints about back or leg pain during his appointment. *Id.* ¶ 64; Doc. [65] ¶ 20.[5] He further testified that his chest pain was "completely unrelated" to his fall. Doc. [65-4] at 24; Doc. [65] ¶ 63.

On June 19, 2017, Plaintiff filled out a third IHSR stating he "[s]till ha[d] tooth broke OFF." Doc. [65-8]. On June 30, 2017, Plaintiff saw Allen again, and she performed another physical examination. She then prescribed Plaintiff amoxicillin for his dental infection and increased his dosage of viscous lidocaine from 5 cc to 10 cc because of his dental pain. Doc. [60] ¶ 69. According to Plaintiff, the amoxicillin helped the swelling go down. *Id.* ¶ 71. Plaintiff also made a verbal complaint of back and leg pain from his fall, so Allen prescribed gabapentin, a drug used to relieve nerve pain. *Id.* ¶¶ 72-73. Plaintiff again claims that it took weeks to get these medications, but he does not cite to any evidence in the record to support this. Doc. [77] ¶¶ 26-28, 30. Plaintiff did not report vision problems on the June 19th IHSR, nor did he discuss such problems verbally with Allen.

---

[4] Plaintiff originally alleged 30 days, but confronted with evidence to the contrary at his deposition, he professed uncertainty and testified that "[i]t might have been two weeks." Doc. [60-11] at 7.

[5] In Plaintiff's Response to the SOFs, he disputes this statement by Washington County Defendants. However, his response says that he discussed "all medical issues with all defendants in person and through grievances on every available occasion." He does not support this claim with specific citations to the record, Doc. [77] ¶ 20, and his deposition supports Defendants' statement. *See* Doc. [65-4] at 18.

4

On July 12, 2017, Plaintiff was transferred from the Jail to Washington County Memorial Hospital for chest pain.  Doc. [60] ¶ 77-78.  The records from his hospitalization do not reflect that Plaintiff made any complaint about dental problems, back or leg pain, or difficulty with vision.  *Id.* ¶ 79.

On August 14, 2017, Plaintiff filed out his fourth IHSR because of his "Dental" problems and "Leg Pain."  Doc. [65-9].  He included nothing about blurred vision, back pain, or chest pain.  On the same day, Allen physically examined and prescribed Plaintiff another antibiotic—Keflex—for his tooth pain and infection.  Doc. [60] ¶ 84.  She also increased Plaintiff's dosage of gabapentin for his back and leg pain.  *Id.* ¶ 86.  Finally, she referred Plaintiff for dental treatment (Doc. [65-9]),[6] but Plaintiff was transferred from the Jail on September 1, 2017, before the dental appointment could take place.  Docs. [65] ¶ 37 and [77] ¶ 37.

Defendants Jacobsen and Thomlinson relied on Allen to determine and execute the proper medical care for Plaintiff.  Doc. [65] ¶ 45.  Plaintiff recalls only one conversation with Defendant Thomlinson about his injuries allegedly sustained in the fall, *id.* ¶ 64, in addition to the June 1, 2017, grievance.  Defendant Thomlinson told him to submit a medical request to see the jail nurse.  *Id.* ¶ 65.

Plaintiff's descriptions of the injuries sustained in the fall have not been consistent.  In his deposition, Plaintiff stated that his injuries from the fall were "just my back and my teeth."  Doc. [60-11] at 22.  He later stated the injuries from the fall were "just my back, my leg, and my teeth."  *Id.* at 52.  Plaintiff alleged in another part of his deposition that he also had blurred vision as a result of the fall.  *Id.* at 11.  Plaintiff listed blurred vision and chest pain in his June 1st grievance, but they are never again mentioned in his IHSRs.  Doc. [17-1] at 2.  Allen testified that she had no recollection of Plaintiff ever complaining of vision problems, which would also have required a referral under the Agreement, and Plaintiff did not list chest pain again on his IHSR after going to the hospital in July.  Doc. [60] ¶ 93; *See* Doc. [65-9].  The Court's Order addressing the claims for which Defendants were issued process did not include claims for either vision or chest pain.  Doc. [42] at 5.

---

[6] Each IHSR has a section that says "referral to provider" that is meant to be checked when an inmate needs a referral.  Plaintiff states that Defendant Allen never checked this box on his IHSRs.  Doc. [77] ¶ 24.  When Defendant Allen did refer Plaintiff to the dentists, she did so in the Comment section rather than the referral check box.  Doc. [65-9].

5

**Legal Standard**

Under Federal Rule of Civil Procedure 56, a court must grant a motion for summary judgment if it finds "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists if a reasonable jury could return a verdict for" the non-movant. *Cockram v. Genesco, Inc.*, 680 F.3d 1046, 1051 (8th Cir. 2012) (quoting *Clark v. Matthews Int'l Corp.,* 639 F.3d 391, 397 (8th Cir. 2011)).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotations marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (quoting *Wingate v. Gage Cty. Sch. Dist.*, 528 F.3d 1074, 1079 (8th Cir. 2008)).

**Discussion**

Defendants argue they are entitled to summary judgment as to Plaintiff's claim for deliberate indifference because his alleged medical conditions were not objectively serious and he received adequate medical care at the Jail. In addition, they assert that Plaintiff has not proffered verifying medical evidence establishing that any alleged delay in treatment had a detrimental effect on his medical conditions.

It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to the protection of prisoners from deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. *Id.* at 104-05. To establish deliberate indifference to a serious medical need, a plaintiff must show that: (1) he suffered from an "objectively serious medical need," and (2) prison officials "actually knew of but deliberately disregarded" that need. *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). A medical need is sufficiently serious if it has been diagnosed by a physician as requiring treatment or it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention."

6

*Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (citing *Vaughn v. Greene Cnty., Ark.*, 438 F.3d 845, 851 (8th Cir. 2006).

Deliberate indifference is an extremely high standard that requires a mental state "akin to criminal recklessness." *Jackson*, 756 F.3d at 1065 (quoting *Scott v. Benson*, 742 F.3d 335, 340 (8th Cir. 2014)). "Deliberate indifference is 'more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Fourte v. Faulkner Cty., Ark*, 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). Plaintiff must demonstrate that Defendants' actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997). Thus, liability for deliberate indifference requires that a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Pietrafeso v. Lawrence Cnty., S.D.*, 452 F.3d 978, 982 (8th Cir. 2006) (quoting *Moore v. Briggs*, 381 F.3d 771, 773-74 (8th Cir. 2004)). Moreover, when a claim of deliberate indifference is based on a delay in treatment, a plaintiff must introduce verifying medical evidence in the record establishing that the delay in medical treatment had a detrimental effect on the inmate's prognosis. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Failure to provide such evidence precludes a claim of deliberate indifference to medical needs. *Id.*

In his Amended Complaint, Plaintiff alleges he suffered from several medical issues as a result of a fall in the shower on June 1, 2017, including dental problems, and back, leg, and chest pain. The parties appear to disagree over the nature of Plaintiff's dental problems because Plaintiff says his tooth was broken below the gum line, while Allen diagnosed him with cavities. Construing the facts in the light most favorable to the nonmovant, the Court will assume that Plaintiff's dental problems included broken teeth. A deliberate indifference claim is a "fact-intensive inquiry" that requires Plaintiff to "clear a substantial evidentiary threshold" to succeed. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019). Even assuming, without deciding, that Plaintiff had objectively serious medical needs in relation to his teeth, back, and leg, he has failed to allege facts sufficient to show that the Defendants were aware of but deliberately disregarded his medical needs.

I.      **Defendant Allen**

Plaintiff alleges Defendant Allen was deliberately indifferent to his serious medical needs because she did not provide adequate care and delayed referring him to a dentist. This claim fails because Plaintiff received considerable medical care while at the Jail, and there is no evidence on the record suggesting it was inadequate. Plaintiff admits he received treatment for his teeth, back, left leg, chest,[7] and various other alleged medical conditions. After Plaintiff submitted his first IHSR for dental problems, Allen examined, diagnosed, and prescribed 5 cc of viscous lidocaine to numb the throat and mouth. When exactly Plaintiff was first administered this prescription is disputed, but it is undisputed that Allen has no control over the filling of prescriptions, so no delay can be imputed to deliberate indifference on her part. Twenty-four days later Plaintiff submitted another IHSR, and Allen again examined him and increased the viscous lidocaine to 10 cc. She also prescribed amoxicillin for Plaintiff's dental infections. At this appointment Plaintiff mentioned his back and leg pain for the first time,[8] and Allen prescribed him gabapentin to reduce the nerve pain. On August 14, 2017, Plaintiff submitted another IHSR complaining of dental and leg pain, and Allen ordered a dentist appointment with Dr. Villmer, increased his gabapentin dosage, and prescribed Keflex for his tooth pain and infection. Plaintiff was transferred from the Jail before he could see Dr. Villmer, but that fact has no bearing on the adequacy of Allen's care.

Providing medical care is not itself a defense to a deliberate indifference claim; the care provided must also be adequate. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Plaintiff claims his care was so inadequate as to amount to a constitutional violation of the Eighth Amendment. For his teeth specifically, he claims he should have seen a dentist or oral surgeon. But Allen testifies that she gave him appropriate and adequate medical care and that her treatment was within the degree of skill and learning ordinarily used under similar circumstances by other members of her profession. Doc. [65-5] ¶¶ 47-48. She treated each of Plaintiff's alleged injuries every time he submitted an IHSR, and she increased his medication dosages according to his pain level. Plaintiff even admits that the viscous lidocaine, while not resolving

---

[7] In addition to the medical care he received at the Jail, Plaintiff was also taken to the Washington County Memorial Hospital on July 12, 2017, for complaints of chest pains. The medical records from the July 12th visit do not mention tooth, back, or leg pain, or any other fall-related injuries. Doc. [60] ¶ 79.

[8] Plaintiff did not include these injuries on his June 5th IHSR and testified that he is not sure if he told Defendant Allen about his neck and back during the appointment. *Id.* ¶ 64; Doc. [65] ¶ 20.

his pain, "relieved the pain temporarily." Doc. [60-11] at 13. Plaintiff offers no evidence to counter Allen's claim that her care was adequate, and he certainly proffers no evidence suggesting intentional maltreatment or criminal recklessness. In fact, he acknowledges having a lifelong amicable relationship with Allen and denies having any reason to believe that she would intentionally harm him. Doc. [60] ¶¶ 35-41.

On the undisputed facts in the record, Plaintiff has not provided any basis for a reasonable jury to find that Defendant Allen's care was inadequate. *See Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990) (stating that an inmate can show deliberate indifference by establishing the course of treatment "deviated from professional standards"); *see also Reed v. Lear Corp.*, 556 F.3d 674, 678 (8th Cir. 2009) ("To overcome a motion for summary judgment, a plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor."); *Moore ex rel. Moore v. Briggs*, 381 F.3d 771, 774 (8th Cir. 2004) (stating that summary judgment analysis must be based on record evidence, not conclusory allegations of deliberate indifference).

To the extent Plaintiff claims an unconstitutional delay in treatment, Plaintiff fails to introduce verifying medical evidence showing the delay had a detrimental effect, which is fatal to his claim. *See Coleman*, 114 F.3d at 784. Simply asserting that he has permanent nerve damage without producing any evidence connecting it to a delay in treatment is insufficient. *See* Doc. [78] at 3. Furthermore, his allegations of delay in receiving medications do not prove that Allen was deliberately indifferent because she had no control over his receipt of prescriptions. Doc. [60] ¶ 62.

Undisputed facts demonstrate that Defendant Allen was not deliberately indifferent to Plaintiff's medical needs. Accordingly, she is entitled to judgment as a matter of law.

**II.     Defendants Jacobsen and Thomlinson**

An official sued in his or her individual capacity under § 1983 "is entitled to summary judgment based on qualified immunity unless (1) the evidence, viewed in the light most favorable to the nonmoving party, establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation." *Capps v. Olson*, 780 F.3d 879, 884 (8th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the

9

qualified immunity analysis should be addressed first." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (quoting *Pearson*, 555 U.S. at 236). Because an official is entitled to qualified immunity unless both prongs are satisfied, the analysis ends if either is not met. *See id.*

Viewed in the light most favorable to Plaintiff, the facts of this case do not support a claim of deliberate indifference. Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. *Estelle*, 429 U.S. at 104. As discussed above, Plaintiff has not shown that his treatment was inadequate, *see Smith*, 919 F.2d at 93, nor has he entered any verifying medical evidence into the record to suggest that any delay in care had a detrimental effect on his well-being. *See Coleman*, 114 F.3d at 784. But Plaintiff also maintains that Jacobsen and Thomlinson interfered with his medical care.

Specifically, Plaintiff claims that Defendant Thomlinson prevented him from promptly receiving his prescriptions. Doc. [77] ¶ 47; Doc. [17] at 5. Defendant Thomlinson denies that he delayed or prevented Defendant Allen from providing any medical care, citing his own sworn affidavit. Doc. [65] ¶¶ 56-57. In response, Plaintiff rejects that allegation and accuses Defendants Thomlinson and Jacobsen of working together to prevent him from receiving medical attention "due to a hatered [sic] of Plaintiff by Sheriff Jacobsen." Doc. [77] ¶ 56. But Plaintiff does not support that accusation with any evidence in the record. *See Farver*, 931 F.3d at 811. Similarly, Plaintiff claims that Defendant Jacobsen was responsible for "holding [his] medication" and leaving it at the pharmacy for weeks, but he offers no record evidence in support of that claim. Doc. [77] ¶ 47.

"Although a district court must rule on a motion for summary judgment after viewing the facts in the light most favorable to the non-moving party, it is not required to 'accept unreasonable inferences or sheer speculation as fact.'" *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791 (8th Cir. 2009). Plaintiff has offered nothing but speculation to support his claims against Defendants Thomlinson and Jacobsen. The Court finds no basis in the record on which a reasonable jury could find that Plaintiff's medical treatment was inadequate, nor that Defendants Jacobsen or Thomlinson interfered with or delayed his treatment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.").

Because there is no constitutional violation on the basis of which this Court could deny the officers qualified immunity, we need not proceed to the second prong of the qualified immunity analysis. *Crumley v. City of St. Paul*, 324 F.3d 1003, 1008 (8th Cir. 2003) ("Without the requisite showing of a constitutional violation, summary judgment is proper because [plaintiff] has failed to establish the existence of an essential element of [his] case."); *see also Kulkay*, 847 F.3d at 645-46 (citing *Ransom v. Grisafe*, 790 F.3d 804, 812 n.4 (8th Cir. 2015)). Defendants Jacobsen and Thomlinson are entitled to summary judgment as to Plaintiff's deliberate indifference claim on the basis of qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Patricia Allen's Motion for Summary Judgment (Doc. [59]) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants Zach Jacobsen and Brandon Thomlinson's Motion for Summary Judgment (Doc. [63]) is **GRANTED.**

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 30th day of November, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE